UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X Docket No. 16-cv-1428(RRM)(PK)
JAMES BRYANT,

                Plaintiff,

  -against-                                                AMENDED COMPLAINT

CORRECTIONS OFFICER PEDRO NORDE,
CORRECTIONS OFFICER BRUCE HARRELL,
CORRECTIONS OFFICER DONNY SAMUELS,
SERGEANT GREGORY STOVAL, and
SUPERINTENDENT of QUEENSBORO
CORRECTIONAL FACILITY DENNIS BRESLIN,

                Defendants.
------------------------------------------------------------------------X

       Plaintiff, by his attorneys, ASHER & ASSOCIATES, P.C., as and for his Amended Complaint, respectfully alleges, upon information and belief:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff JAMES BRYANT seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Eighth Amendment of the United States Constitution. On January 6, 2013, at approximately 6:15 a.m., within the premises of the Queensboro Correctional Facility located at 47-04 Vandam Street, Long Island City, New York, Plaintiff James Bryant was subjected to excessive force by Defendants **PEDRO NORDE, BRUCE HARRELL, DONNY SAMUELS, GREGORY STOVAL** and **DENNIS BRESLIN** of the New York State Department of Corrections ("DEFENDANTS"). It is alleged that DEFENDANTS, both individually and in concert, subjected PLAINTIFF to excessive force in violation of his constitutional rights. As a result of the excessive force used by DEFENDANTS, in

retaliation for perceived behavior and disposition, PLAINTIFF suffered physical and mental injuries. It is also alleged that DEFENDANTS who were all physically present at the time of the incident, were aware that PLAINTIFF's constitutional rights were being violated and, despite having the opportunity and duty to intervene to prevent the violation, failed to do so to prevent the injuries to the PLAINTIFF.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.

## III. PARTIES

3. JAMES BRYANT (hereinafter "BRYANT") at all times relevant hereto resided at 234 Troutman Street, Brooklyn, New York.

4. Defendant CORRECTIONS OFFICER PEDRO NORDE (hereinafter "NORDE") was a New York State corrections officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of the New York State Department of Corrections and within the scope of his employment.

5. Defendant CORRECTIONS OFFICER BRUCE HARRELL (hereinafter "HARRELL") was a New York State corrections officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of the New York State Department of Corrections and within the scope of his employment.

6. Defendant CORRECTIONS OFFICER DONNY SAMUELS (hereinafter "SAMUELS") was a New York State corrections officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of the New York State Department of Corrections and within the scope of his employment.

7. Defendant SERGEANT GREGORY STOVAL (hereinafter "STOVAL") was a New York State corrections officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of the New York State Department of Corrections and within the scope of his employment.

8. Defendant SUPERINTENDENT of QUEENSBORO CORRECTIONAL FACILITY DENNIS BRESLIN (hereinafter "BRESLIN") was a New York State corrections officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of the New York State Department of Corrections and within the scope of his employment.

9. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities.

## IV. FACTS

10. At the time of the incident, BRYANT was incarcerated and housed in 2 South – Cell 7 of the Queensboro Correctional Facility.

11. At approximately 6:15 am on the morning of January 6, 2013, as BRYANT was about to enter the mess hall he was stopped and prevented from entering by defendants NORDE and HARRELL.

3

12. Defendants NORDE AND HARRELL confronted BRYANT about his behavior and disposition the night before in his housing unit. BRYANT was unaware of what they were referring to.

13. BRYANT was then brought behind a closed blue door and was jumped, punched, kicked and beaten by defendants NORDE, HARRELL, SAMUELS, STOVALL and BRESLIN.

14. Defendants NORDE, HARRELL, SAMUELS, STOVALL and BRESLIN were all present at the time of the incident, and in such close proximity to each other, that they each would have observed the actions of their fellow corrections officers.

15. Defendants NORDE, HARRELL, SAMUELS, STOVALL and BRESLIN were so positioned that they could and should have known that BRYANT's constitutional rights were being violated by their fellow corrections officers.

16. The duration of the incident was such that defendants NORDE, HARRELL, SAMUELS, STOVALL and BRESLIN had ample opportunity to intervene to prevent the incident and the violation of BRYANT's constitutional rights.

17. Defendants NORDE, HARRELL, SAMUELS, STOVALL and BRESLIN had a duty to intervene to prevent the incident and the violation of BRYANT'S constitutional rights.

18. Not one of the defendants, NORDE, HARRELL, SAMUELS, STOVALL or BRESLIN, took any action to prevent the assault and battery upon BRYANT.

19. Immediately thereafter BRYANT was transported in custody to Bronx Lebanon Hospital where he was diagnosed with multiple facial and bodily injuries, including a fracture of the right zygomatic arch.

20. BRYANT continued to treat for the injuries he sustained for several years after being released from custody.

21. Prior to initiating this lawsuit, BRYANT exhausted the prison's grievance procedures as required by 42 U.S.C. §1997(e) (a).

## V. FIRST CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

22. Paragraphs 1 through 21 are hereby realleged and incorporated by reference herein.

23. That the incident that resulted from the intentional application of physical force by Defendants constituted a battery and such use of excessive force was unreasonable under the circumstances.

24. That Defendants had no legal cause or reason to use excessive force.

25. That Defendants violated the Eighth Amendment's ban on cruel and unusual punishment when they used displayed deliberate indifference for the Plaintiff's well-being when they used excessive force against the Plaintiff.

26. That Defendants violated Plaintiff's constitutional rights under the Eighth Amendment.

27. That while in custody, the Plaintiff did not pose a threat to the safety of the corrections officers.

28. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

29. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of their authority, in gross and wanton disregard of the Plaintiff's rights, subjected the Plaintiff to excessive force while in custody, in violation of his rights pursuant to the Eighth Amendment of the United States Constitution.

30. That Defendants had the opportunity and duty to intervene, and failed to do so, to prevent violations of the Plaintiff's civil rights, including but not limited to the right to be free from the application of excessive force.

31. That upon information and belief, in 2013 it was the policy and/or custom of the State of New York through its Department of Corrections to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

32. That as a result of the above described policies and customs, the officers, staff, agents and employees of the New York State Department of Corrections, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

33. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of the State of New York to the constitutional rights of arrestees and were the cause of the violations of the Plaintiff's rights alleged herein.

34. By reason of the foregoing, the Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, and other psychological injuries. All of said injuries may be permanent.

VI. SECOND CAUSE OF ACTION
Pursuant to §1983 (FAILURE TO INTERVENE)

35. Paragraphs 1 through 34 are hereby realleged and incorporated by reference herein.

36. That Defendants failed to intervene when Defendants knew or should have known that the Plaintiff's constitutional rights were being violated.

37. That Defendants had a realistic opportunity to intervene on behalf of the Plaintiff whose constitutional rights were being violated in their presence.

38. That a reasonable person in the Defendants' position would know that Plaintiff's constitutional rights were being violated.

39. That Defendants had the opportunity and duty to intervene, and failed to do so, to prevent violations of the Plaintiff's civil rights, including but not limited to the right to be free from the application of excessive force.

40. That by reason of Defendants' deliberate indifference for the safety and well-being of the Plaintiff, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of the Plaintiff's rights, deprived the Plaintiff of his liberty when they failed to intervene to protect him from Defendants' use of excessive force, in violation of the Plaintiff's rights pursuant to the Eighth Amendment of the United States Constitution.

41. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from excessive force by fellow corrections officers. Thus, as a result of the above described policies and customs, the Plaintiff was not protected from Defendants' unconstitutional actions.

42. That upon information and belief it was the policy and/or custom of the State of New York through its Department of Corrections to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to

43.     adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

43. That as a result of the above described policies and customs, defendants believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

44. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of the State of New York to the constitutional rights of detainees and were the cause of the violations of the Plaintiff's rights alleged herein.

45. That in so acting, defendants abused their power and authority under the color of State and/or local law.

46. That by reason of the foregoing actions of these "stand by" corrections officers, the Plaintiff suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, humiliation, and indignity. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (RETALIATORY DISCIPLINE)

47. Paragraphs 1 through 46 are hereby realleged and incorporated by reference herein.

48. That Defendants actions and use of excessive force on the Plaintiff were in retaliation for Plaintiff's alleged behavior and disposition as perceived by the Defendants the night before.

49. That such use of excessive force was unreasonable under the circumstances.

50. That Defendants had no legal cause or reason to use excessive force.

51. That Defendants violated the Eighth Amendment's ban on cruel and unusual punishment when they used displayed deliberate indifference for the Plaintiff's well-being when they used excessive force against the Plaintiff.

52. That Defendants violated Plaintiff's constitutional rights under the Eighth Amendment.

53. That while in custody, the Plaintiff did not pose a threat to the safety of the corrections officers.

54. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

55. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of their authority, in gross and wanton disregard of the Plaintiff's rights, subjected the Plaintiff to excessive force while in custody, in violation of his rights pursuant to the Eighth Amendment of the United States Constitution.

56. That Defendants had the opportunity and duty to intervene, and failed to do so, to prevent violations of the Plaintiff's civil rights, including but not limited to the right to be free from the application of excessive force.

57. That upon information and belief, in 2013 it was the policy and/or custom of the State of New York through its Department of Corrections to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

58. That as a result of the above described policies and customs, the officers, staff, agents and employees of the New York State Department of Corrections, believed that their actions

would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

59. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of the State of New York to the constitutional rights of arrestees and were the cause of the violations of the Plaintiff's rights alleged herein.

60. By reason of the foregoing, the Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, the Plaintiff JAMES BRYANT has suffered and will continue to suffer physical pain, emotional pain, permanent disability, inconvenience and other non-pecuniary losses. The Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff JAMES BRYANT respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from January 6, 2013;

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

Dated: New York, New York
April 14, 2017

By: Roberta D. Asher
**ASHER & ASSOCIATES, P.C.**
Attorneys for Plaintiff
111 John Street
Fourteenth Floor
New York, New York   10038
(212) 227-5000

TO:

OFFICE OF THE ATTORNEY GENERAL - STATE OF NEW YORK
Attorneys for Defendants Breslin, Norde, Harrell, Samuels and Stovall
120 Broadway
24th floor
New York, New York 10271
(212) 416-8500