**LAW OFFICE OF DAVID A. ZELMAN**
612 Eastern Parkway
Brooklyn, NY 11225
Tel: (718) 604-3072
Fax: (718) 604-3074

March 18, 2018

**Via ECF, UNDER SEAL**

Honorable SANKET J. BULSARA
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

**Re: Bryant v. Norde et. al.
Case No: 16-CV-1428**

Your Honor:

      This office represents the plaintiff and is of counsel to Asher and Associates, P.C.

      On Friday, March 9, 2018, the depositions of defendants Norde and Harrel were conducted. Other than defendant Norde appearing approximately two hours late, the depositions were uneventful in that the parties generally agreed on the scope of questioning and no rulings were sought.

      At the depositions, as can be expected, a few discreet items of discovery were made known to plaintiff's counsel. First, it was revealed at the deposition that defendant Norde provided testimony at a hearing regarding the underlying incident prior to this action being commenced. Upon belief, there has been no reflection of this prior testimony in this case up until the deposition itself. If is plaintiff's position that the prior relevant testimony should have been disclosed and/or produced pursuant to FRCP 26(a). When I sought to discuss this matter with defense counsel, he cited the Court's prior ruling that discovery was previously closed but for the depositions of the two defendants which was conducted on March 9, 2018. It is plaintiff's position, however, that this relevant discovery should have been previously disclosed as directly relevant to this proceeding and therefore defendant Norde was under a continuing obligation to produce this discovery via his counsel.

      Second, defendants admitted to having been involved in prior litigation regarding excessive force claims and some testimony was taken regarding these prior matters. However, generally the defendants themselves had no specific information regarding these prior matters, such as the names of the plaintiffs or index numbers and plaintiff's counsel reserved his right at the deposition to demand documentation identifying these prior lawsuits against the defendants. It was learned at deposition that the defendants' current counsel was also their prior counsel and

therefore documentation concerning the prior lawsuits are likely available to current defense counsel. Plaintiff's counsel seeks access to the entire files concerning the prior actions, with the exception of any privileged matters.

Lastly, both defendants testified regarding certain arrests which they have experienced. Plaintiff's counsel seeks information regarding prior arrests and/or convictions for impeachment and credibility purposes and requests that defense counsel produce documentation of all convictions and/or any arrests his clients have experienced.

Since there is no trial date pending, no summary judgment motions have been filed, there will be no prejudice to defendants in producing the above requested documents and information. The discovery sought is clearly relevant to this matter and is in fact typical of requests that are made following depositions where new information becomes available. See, *Callari v. Blackman Plumbing Supply, Inc.,* No. CV 11-3655 (ADS) (AKT), 2016 U.S. Dist. LEXIS 43780, at *8 (E.D.N.Y. Mar. 31, 2016)

Plaintiff does not currently anticipate requesting any other discovery.

Just as a status update, defense counsel asked for a demand in the case which plaintiff's counsel recently provided.

The subject of this letter was discussed with defense counsel at the deposition and then again via telephone last week. Defendants' position is that discovery is closed and that they are unwilling to provide any of the above requested items. The above requested items were demanded at the deposition on March 9, 2018 and the deposition transcript is not yet available. No written demand was made for the items as counsel discussed the items and counsel indicated that it would refuse to produce the requested items.

Thank you for your consideration.

Very Truly Yours

/S

David Zelman, Esq.