UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAMES BRYANT,

                        Plaintiff,

    -against-                                             **ORDER**
                                                                16-CV-1428-RRM-SJB

P NORDE,
B. HARRELL,

                        Defendants.
-----------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

       Plaintiff's motion to compel seeks three items: prior testimony of Defendant Norde in a hearing concerning the events at issue in this lawsuit; the "entire files" from any prior litigation involving Defendants; and information regarding prior arrests and/or convictions Defendants "have experienced." Plaintiff's counsel has indicated he first learned of these items at the recently concluded depositions of Defendants (the transcript was not provided with the motion to compel).

       The motion to compel is granted in part and denied in part. With respect to the prior testimony of Norde, Defendants argue that they disclosed the existence of that testimony in their Rule 26 disclosures, and Plaintiff was under an obligation to ask for the underlying documents following the disclosure. Not so. Rule 26(a)(1)(A)(ii) provides that "a party must, *without awaiting a discovery request,* provide to the other parties . . . a copy—or a description by category and location—of all documents . . . that the disclosing party has . . . and may use to support its claims or defenses." Defendants listed "[t]he disciplinary hearing packet created subsequent to this incident and any audio recording of that proceeding" as one of many things it may use to support its

claims or defenses. They were obligated to provide a copy of those documents to Plaintiff. Defendants do not argue they were exempt from providing copies of the documents because they provided a "description by category and *location*" of the documents. Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added). With good reason: all Defendants provided was a description of the documents and gave no location. The purpose of the location requirement is to alert the opposing side whether a third-party has the documents, and from whom they may be obtained. This is a pivotal requirement in this case where Defendants acknowledge that "at least some of this information is public record." Having not provided locations, Defendants are required to produce copies of the documents referred to in their initial disclosures, including any prior hearing transcript.[1]

Defendants appear to want it both ways—to list documents they wish to rely on during the case (whether at summary judgment or trial), but not have to produce them absent a specific document request. This is simply not how the initial disclosure regime operates. "A central goal of all versions of initial disclosure has been to get out the basic information at an early point." 8A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 2053 (3d ed. 2004). If Defendants intend to use documents they are required to produce them, even if not asked for by the opposing

---

[1] Defendants cite and quote to the 1993 Advisory Committee Notes which state that a party is not required to provide copies of documents. There are also cases that hold that copies need not be produced. This is unsurprising. A party may be exempt from providing a copy, but only if the party complies with the description requirement, *i.e.* by providing a "description by category and location" of documents. In any event, if a party has copies of relevant documents in its possession that it intends to use at some point during the case, it may wish to provide the copies rather than opting to describe them and waiting for document requests be served. The reason to do so is simple—the party intends to use the documents, and there is no reason to wait to produce them.

side. *E.g.*, *Lodge v. United Homes, LLC*, 787 F. Supp. 2d 247, 260 (E.D.N.Y. 2011) ("In the instant case, the Bayview Defendants had an obligation, pursuant to Rule 26(a), to provide plaintiff with all securitization documents as part of their initial disclosures."); *Markey v. Lapolla Indus., Inc.*, No. 12-CV-4622, 2015 WL 5027522, at *19 (E.D.N.Y. Aug. 25, 2015) ("Neither the Initial Disclosures nor the discovery responses were, in fact, complete because they did not include the Original Report or the relevant emails which were in Plaintiffs' possession. The Court finds that these documents were "reasonably available" prior to the filing of the Initial Disclosures and therefore should have been disclosed pursuant to Rule 26(a)."), *report and recommendation adopted,* 2016 WL 324968 (Jan. 26, 2016). "The concept of 'use' is defined broadly: 'Use includes any use at a pretrial conference, to support a motion, or at trial. The disclosure obligation is also triggered by intended use in discovery, apart from use to respond to a discovery request; use of a document to question a witness during a deposition is a common example.'" *Id.* (quoting 2000 Advisory Committee Notes to Rule 26). It has long been the case that discovery obligations exist on both sides to avoid ambush and unfair surprise. If Defendants did not provide copies of the documents—or category and location information—they could be precluded from using them in connection with summary judgment or trial. *See, e.g.*, *Milliken & Co. v. Bank of China*, 758 F. Supp. 2d 238, 245 (S.D.N.Y. 2010) ("The Bank cannot be permitted to obstruct production of the very documents that it would use to support its case and then unveil those documents at trial or in response to a dispositive motion.").

With respect to the files from prior litigation, Plaintiff could have asked for this information prior to the close of fact discovery but did not. Fact discovery closed on December 29, 2017. The Court reluctantly provided Plaintiff an opportunity to conduct

two depositions after the close of fact discovery, despite his counsel's lack of diligence. At the prior status conference, Plaintiff could have sought leave to obtain these prior litigation files, but chose not do so. And while Plaintiff had been discussing deposition scheduling with Defendants prior to the discovery cut-off, he failed to serve any document requests or interrogatories before that deadline. It is not beyond imagination to think a defendant officer may have been involved in prior litigation; Plaintiff's suggestion that he only learned or thought about prior litigation following Defendants' depositions is incredible. Plaintiff had ample opportunity to seek such information in the many months in which fact discovery was ongoing, and he provides no reasonable explanation why he failed to do so. Plaintiff has failed to establish the necessary good cause to warrant an extension of the fact discovery deadline, which expired on December 29, 2017, to obtain these litigation files. In any event, Plaintiff has failed to explain what relevance the prior litigation involving Defendants has to the present action. Therefore, even if good cause existed, the absence of any showing sufficient to satisfy Rule 26(b)(1)'s requirement that discovery be proportional and relevant to a party's claims or defenses would result in denial of the motion.

The same is true for the information regarding Defendants' prior arrests and/or convictions. Plaintiff could have served interrogatories and document requests or sought leave at the Court's prior status conference; he failed to do either. Having failed to request the information during the discovery period, Plaintiff must show good cause to extend the discovery cut-off, and he does not. No reason or argument is provided why Plaintiff failed to seek these documents before the close of discovery. Again, it is not beyond imagination that a Defendant's prior criminal history may become relevant in a case and should be sought in discovery *prior* to a deposition. In any event, even if

there were good cause, there is no basis to order production of arrest records in light of what Plaintiff should have been established at Defendants' depositions.  Plaintiff argues that Defendants' prior arrest information is necessary for impeachment.  Testimony about a witness's prior convictions obtained in a deposition would normally be sufficient to impeach.  Plaintiff does not explain why he needs information above and beyond what he could have obtained at a deposition, namely the fact, timing and nature of any conviction.  *Cf. United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005) ("The presumption under Rule 609(a)(2)—as recognized by the district court—is that the essential facts of a witness's convictions, including the statutory name of each offense, the date of conviction, and the sentence imposed, are included within the evidence that is to be admitted for impeachment purposes.") (quotations omitted).

    The motion is resolved as indicated above.

SO ORDERED.

/s/_____
SANKET J. BULSARA
United States Magistrate Judge

March 28, 2018
Brooklyn, New York